**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4195**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

RICHARDE DANIEL CARTER, a/k/a Rickey Daniel Wilkerson,

        Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Max O. Cogburn, Jr., District Judge.  (3:04-cr-00094-MOC-DSC-1)

Submitted:  September 6, 2013    Decided:  September 25, 2013

Before MOTZ and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Jennifer L. Coulter, LAW OFFICES OF COULTER & THOMPSON, Charlotte, North Carolina, for Appellant.  Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Richarde Daniel Carter appeals the district court's order revoking his supervised release and sentencing him to twenty-one months of imprisonment. Counsel has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), certifying that there are no meritorious issues for appeal but questioning whether the district court erred in revoking Carter's supervised release based on conduct that occurred in another district. Although notified of his right to do so, Carter has not filed a supplemental brief. We affirm.

Carter is essentially challenging the Western District of North Carolina's jurisdiction over his revocation proceedings. Because Carter raises this claim for the first time on appeal, we review for plain error. Fed. R. Crim. P. 52(b); United States v. Olano, 507 U.S. 725, 731-32 (1993). To meet the plain error standard (1) there must be an error; (2) the error must be plain, meaning obvious or clear under current law; and (3) the error must affect substantial rights. Olano, 507 U.S. at 732-34. If these three elements are met, we may exercise our discretion to notice the error, which we do only if the error "seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. at 732 (internal quotation marks and brackets omitted).

2

Carter's original sentence was imposed in the Western District of North Carolina. Although his violations occurred in the District of South Carolina and his supervising probation officer was located there, jurisdiction was never transferred to that district. Accordingly, the Western District of North Carolina was the proper jurisdiction to entertain the revocation proceedings. See Fed. R. Crim. P. 32.1(a)(5)(A)(i). Therefore, Carter's argument is meritless.

In accordance with Anders, we have reviewed the entire record and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Carter, in writing, of the right to petition the Supreme Court of the United States for further review. If Carter requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on his client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

3